FILED

2012 Sep-24  PM 01:59
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DORIS EPHRAIM,                    }
                                  }
        Plaintiff,                }
                                  }      CIVIL ACTION NO.
v.                                }      2:11-CV-01604-WMA
                                  }
THE PANTRY, INC.,                 }
                                  }
        Defendant.                }


**MEMORANDUM OPINION**

Using a form furnished her by the Clerk, plaintiff, Doris Ephraim ("Ephraim"), filed this *pro se* action against her former employer, The Pantry, Inc. ("The Pantry"). Her original complaint was wandering, inartful, and, in many other ways, deficient. The court granted her permission to proceed *in forma pauperis*, but required her within thirty (30) days to file a complaint meeting the standards of the substantive and procedural rules. Ephraim timely filed a substitute complaint. She testified at deposition that she does not remember who drafted her substitute complaint, but The Pantry must have thought it passed muster under Rule 12(b)(6), Fed.R.Civ.P., because it did not file a motion to dismiss. Instead, it filed an answer. The court wishes it had filed a Rule 12(b)(6) motion, the reasons for which will become apparent.

Ephraim charges The Pantry with discriminatory work-related harassment and termination because of her age and her being a

1

Christian.  Taking judicial notice of the fact that there are many working Christians over forty years of age, the court knows that this is a sizeable, if narrowly defined, protected group, but this court is equally satisfied that Ephraim does not mean to pursue an intersectional or mixed-motives claim based upon her simultaneous membership in two protected groups.

The Pantry has defended the case as if Ephraim is pursuing alternative theories for redressing two forms of employment discrimination.  Ephraim alleges that The Pantry violated both the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, because of her age, and violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, because of her religion.  The separate claims of hostile work environment and of termination do not make clear whether she believes that both of these adverse employment actions resulted from a merger of both motives, or that the alleged hostile environment was related only to her religion, while her termination was occasioned by her age, and not by her religion.  This ambiguity creates problems that would not still be present if The Pantry had filed a Rule 12(b)(6) motion relying on *Gross v. FBI Fin. Serv., Inc.*, 557 U.S. 167 (2009).

After discovery that was initiated by The Pantry, and without any discovery initiated by Ephraim, The Pantry filed the motion for summary judgment now before the court.

Because of the procedural posture, all admissible evidence,

2

including reasonable inferences, must be viewed in the light most favorable to Ephraim.  This is particularly true when Ephraim is *pro se*.  Although Ephraim must be cut some slack, this does not mean that she is excused from the rules that control decision-making under Rule 56, Fed.R.Civ.P.  "[A] *pro se* litigant does not escape the essential burden under summary judgment standards of establishing that there is a genuine issue as to a fact material to his case in order to avert summary judgment." *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).  It is apparent that Ephraim, whose substitute complaint was not subjected to scrutiny under Rule 12(b)(6), does not understand that she cannot, in her reply brief to The Pantry's Rule 56 motion, **simply testify**, asserting would-be facts for which there is otherwise no evidence.  The court cannot permit Ephraim, just because she is *pro se*, to rely on statements not given under oath, not subject to cross-examination, and largely hearsay, conclusory, and argumentative.  For this reason, when the court states the material undisputed facts for the purposes of a Rule 56 ruling, the court will ignore the purported evidentiary material proffered for the first time in Ephraim's brief.

The court is searching, without much help from Ephraim, for admissible evidence that, without taking impossible inferential leaps, would constitute proof of animus by The Pantry toward Christians, or animus by The Pantry toward older employees, or both.  The court can find no evidence upon which Ephraim can travel

either the ADEA route or the Title VII route, much less both routes.

**Pertinent Undisputed Evidence**

Ephraim is 62 years old and is a professing Christian.  She was employed by The Pantry over a substantial period of time at various of its stores in the Birmingham area.  Her last position at The Pantry was as assistant manager of one of these stores.

The Pantry has no written or orally enunciated employment policy respecting employees' ages, religious beliefs, religious affiliations, or religious practices, and no pattern or practice of discriminatory conduct on either the basis of age or the basis of religion emerges from the cryptic evidence.

The Pantry **does, however,** have an unequivocal, written policy that an employee in charge of a store, such as an assistant manager like Ephraim, cannot leave the store without first locking the safe.  Ephraim admits that she was aware of this absolute work-rule, of the rule's importance, and that its violation constituted an offense for which termination may result.  She also admits that shortly before her termination, she was accused by another employee of leaving the safe unlocked, and that this was the reason given her by The Pantry's decision-makers at her termination interview.

The record is devoid of evidence that any fellow employee over forty years of age has not been terminated after The Pantry had a reason to believe that he or she, being responsible for the safe,

4

left it unlocked.   The record is equally devoid of admissible evidence that after her termination, Ephraim was replaced by a person under forty years of age, or by a non-Christian.   In other words, Ephraim points to no legitimate comparators upon whom a jury could find that Ephraim was disparately treated.

### Applicable Law

The Pantry has not exploited *Gross v. FBI Fin. Servs., Inc.*, 557 U.S. 167, 177-78, 129 S.Ct. 2343, 2351 (2009), in which the Supreme Court recognized that to proceed with a claim under the ADEA, the plaintiff must prove that her age was the "but-for" cause for the adverse employment action.   There is a lingering post-*Gross* dispute about whether a plaintiff can make out an ADEA case by employing the *McDonnell Douglas* framework (articulated in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)).   The Eleventh Circuit has been a bit tentative in its reading of *Gross* in relation to *McDonnell Douglas*, but the Eleventh Circuit makes quite clear its understanding that in *Gross* the Supreme Court meant what it said when it **"ruled out the idea of a 'mixed motive' ADEA claim"**.   *See Mora v. Jackson Mem'l Found., Inc.*, 597 F.3d 1201, 1204 (11th Cir.2010)(emphasis added), in which this unequivocal proposition is set forth twice on the same page, and from which the Eleventh Circuit has never retreated, or from which it has ever had any reason to retreat.

It is still theoretically possible to prove by using *McDonnell*

*Douglas* that "age" was the "but-for" reason for an adverse action, but is **not possible** to **allege** that both "age" and some other proscribed motive was a reason for the adverse action.  In *Mora*, the Eleventh Circuit recognized the irreconcilability of such a pleading with *Gross*.  The Pantry has not forced Ephraim to elect between her two theories.  In order to prevent her from transgressing the lessons in *Gross* and *Mora*, the court will not make her elect between theories at this late stage in the proceeding, but will interpret Ephraim's complaint as two separate consolidated cases, one for hostile work environment based on her Christianity, and another for termination based on her age.  This is the only way to treat Ephraim's complaint to prevent it from violating *Gross* and *Mora*.

There is neither direct nor circumstantial evidence in this record to justify either of Ephraim's contentions, assuming, as the court does, that she can pursue both by separating differing adverse employment actions and ascribing different motives to them. Although Ephraim asserts, and may truly believe, that The Pantry's decision-makers are lying about the reason they gave her for her termination, there is no proof upon which a reasonable jury could find that The Pantry's assertion that Ephraim's leaving the safe unlocked was only articulated as a reason to disguise The Pantry's real reason, her age.

Casual and infrequent workplace remarks about religion that

may have offended Ephraim do not rise to the level of objectively unreasonable conduct, especially when not participated in or encouraged by The Pantry's managerial employees.   Innocuous, teasing statements by co-workers, or even judgmental opinions about religious differences, cannot constitute the severe and pervasive harassing atmosphere that is proscribed by Title VII.   An employer is not required to monitor the workplace every minute and put a stop to every remark that an employee may find offensive, particularly when, as in this case, there was never any serious complaint made by Ephraim to management that would trigger an investigation or corrective action.

## Conclusion

There would be no purpose to be served in this court's trying to explain to Ephraim the complexities and insurmountable obstacles in her case.   The court is pretty sure that if it wrote a hundred pages, it could not persuade Ephraim that she is not entitled to redress from The Pantry under either of the federal employment discrimination laws she invokes, that is, unless she can get Congress retroactively to amend the statutes, something it cannot do.

7

A separate order granting The Pantry's motion for summary judgment will be entered.

DONE this ___24th___ day of September, 2012.

_____

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE